UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| INLAND AMERICAN (LIP) SUB, LLC<br>    *Plaintiff*, | )<br>)<br>) | |
| *vs*. | )<br>) | 1:09-cv-00893-SEB-JMS |
| ROBERT L. LAUTH, *et al.*,<br>    *Defendants.* | )<br>)<br>) | |

### ORDER

Presently before the Court is Defendants' Motion for Protective Order for Partial Stay of Discovery (the "Motion to Stay"). [Dkt. 77.] Through it, Defendants seek to limit the scope of discovery by Plaintiffs pending resolution of Defendants' motion for partial summary judgment, [dkt. 67], and their motion for judgment on the pleadings, [dkt. 65].

In the midst of the briefing, the parties reached an agreement to limit discovery regarding Counts I and II of the Complaint. Consistent with the principle that discovery should be a self-managed process, *see* Fed. R. Civ. Pro. 29(b) (generally permitting parties to stipulate about the nature and extent of discovery), the Court will limit discovery on those two Counts in accordance with their agreement. The parties could not, however, agree about discovery for Counts III through VII of the Complaint, leaving that issue ripe for judicial review.

### BACKGROUND

The underlying dispute in this case relates to a multi-hundred-million dollar real-estate investment deal gone bad. Defendants constitute the principals of several entities involved in that deal. Those entities currently have pending bankruptcy petitions.

In this case, Plaintiff alleges, in Counts III through VII, that Defendants committed civil RICO violations, conversion, tortious interference with contract, fraudulent transfer, and civil

conspiracy. [Dkt. 1.] Defendants have moved for judgment on the pleadings with respect to those counts. [Dkt. 65.][1] Defendants have filed counterclaims of their own, alleging breach of contract, promissory estoppel, constructive fraud, and breach of the duty of good faith and fair dealing. [Dkt. 25-26.]

Plaintiff began discovery on October 23, 2009, when it served written discovery on Defendants and deposition subpoenas (with document production riders) on the debtor entities and another entity related to Defendants.

By agreement with Plaintiff, the deadline for the non-party's discovery responses was extended until late December 2009. Rather than responding on the agreed-upon date, however, the non-parties moved to quash the discovery, requesting that the Court prevent discovery on them until after they had proposed their reorganization plan to the Bankruptcy Court, in March 2010. [Dkt. 46.] Although the Court extended the response deadlines, it didn't do so to the full extent requested. [*See* dkt. 64.]

By agreement with Plaintiff, the deadline for Defendants' discovery responses was also extended, to January 15, 2010. But, like with the non-parties, Defendants filed the present Motion to Stay rather than provide substantive responses to most of the discovery requests. The motion was filed on the date the discovery responses were due.

## DISCUSSION

Courts have wide discretion in controlling the timing (and extent) of discovery. *See, e.g.*, *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Brown-Bey v. United States*, 720 F.2d 467, 470 (7th Cir. 1983); Fed. R. Civ. Pro. 26(c). Often, they exercise that discretion to stay discovery when a defendant challenges the sufficiency of a complaint. *See, e.g.*, *In re Sulfuric Acid Antitrust Litig.*,

---

[1] Defendants moved for summary judgment on Counts I and II of the Complaint. [Dkt. 67.]

231 F.R.D. 331, 336 (N.D. Ill. 2005) ("Limitation or postponement of discovery may be appropriate when a defendant files a motion to dismiss for failure to state a claim on which relief can be granted.  The mere filing of the motion does not automatically stay discovery….But such stays are granted with substantial frequency." (citations omitted)).  That stays are often appropriate doesn't, however, mean that one is always appropriate—as this case demonstrates, for four reasons.

First, Defendant's request for a stay of discovery smacks of the type of gamesmanship that has no place in litigation in federal court.  *Cf. Photovest Corp. v. Fotomat Corp.*, 606 F.2d 704, 710 (7th Cir. 1979) (disapproving of trial court procedures that promote "gamesmanship aspects of litigation").  A request to extend time to respond discovery implicitly indicates to opposing counsel that a response will, in fact, be forthcoming.  Here, however, Defendants essentially strung Plaintiff along with their requests for an extension of time.  If Defendants had no intention of responding to discovery about Counts III through VII, Defendants should have advised Plaintiff earlier than the filing of the Motion to Stay on the date the discovery responses were due.  Had they done so, Plaintiff could have requested a discovery conference with the Magistrate Judge to bring the issue to a head in a more timely way.  Instead, by waiting until the last possible second, Defendants have simply delayed resolution of the discovery dispute, in effect granting themselves a mini-stay—and cut into the time that Plaintiff has to complete discovery under the case management plan.[2]

Second, and in a point related to the first, Defendants seek a one-sided discovery stay: Defendants want to be able to conduct discovery on their counterclaims, while denying Plaintiff the ability to conduct discovery on its claims.  *Matthews v. Mariner*, 2009 WL 426056, *2 (S.D.

---

[2] Indeed, Defendants' failure to find time themselves to request a telephone discovery conference before filing the Motion to Stay alone constitutes grounds to deny it.  [*See* dkt. 38.]

Ind. 2009) (denying discovery stay and explaining, in part, that "the particular stay requested by Defendants would likely prejudice or tactically disadvantage Plaintiff because it seemingly would allow Defendants to conduct discovery but would not permit Plaintiff to do so.").

Third, Defendants' delay in challenging the Complaint's sufficiency supports denying the requested stay. Defendants waited until almost six full months into this litigation before challenging the sufficiency of the Complaint. If the Complaint is so obviously deficient, as Defendants appear to claim, that delay represents a lack of diligence inconsistent with the finding of "good cause" necessary under Federal Rule of Civil Procedure 26(c)(1)(D) to authorize the requested stay. *Cf. Trustmark Ins. Co. v. General & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005) (noting that "good cause" under Federal Rule 16(b) primarily considers the diligence of the moving party).

Finally, although Defendants stress that no discovery is ever necessary to respond to a motion for judgment on the pleadings, Defendants ignore Federal Rule of Civil Procedure 12(d). Under that provision, when a defendant references materials outside the pleadings in connection with a motion for judgment on the pleadings, the motion can transform into one for summary judgment. The Rule goes on to provide that "all parties must be given a reasonable opportunity to present all material that is pertinent to the motion." *Id.* Inasmuch as Defendants make some reference to materials outside the pleadings in their brief, [*see* dkt. 66 at 2 n.1], the District Judge may deem Defendants to have filed a motion for summary judgment—a type of motion for which discovery is unquestionably appropriate. Whether the rule is directly applicable or not, the policy affording parties a reasonable opportunity to present all pertinent seems particularly appropriate here.

## CONCLUSION

The Motion to Stay is **GRANTED IN PART** and **DENIED IN PART**. Consistent with the parties' agreement, discovery with respect to Counts I and II of the Complaint shall be limited as follows:

> [P]ending the determination of Defendants' motion for partial summary judgment (Doc. Nos. 67 and 68), Plaintiff shall limit its discovery related to Plaintiff's fraud and deception claims to issues relevant to – or reasonably calculated to lead to the discovery of information relevant to – matters raised by Defendants in their motion for partial summary judgment and the exhibits thereto.
> Subject to the Court's determination of Defendants' motion for partial stay of discovery (Doc. No. 77), the parties agree that this stipulation shall not waive or limit Plaintiff's right to conduct discovery related to claims that are not the subject of Defendants' motion for partial summary judgment. Moreover, the parties agree that this stipulation shall not waive or limit Plaintiff's right to conduct discovery related to claims that are not resolved through Defendants' pending dispositive motions. Accordingly, any depositions taken pursuant to this stipulation shall remain open and shall be resumed for further inquiry with respect to any claims not so resolved.

[Dkt. 87 at 8-9.] In all other respects, however, the Motion to Stay is denied. Defendants shall provide complete responses to the discovery served by Plaintiffs no later than **noon** on **February 23, 2010**. Given that Defendants agreed to January 15, 2010 as a response date, the time allotted should be sufficient.

02/19/2010

                                                                         Jane Magnus-Stinson
                                                                         United States Magistrate Judge
                                                                         Southern District of Indiana

**Distribution via ECF only:**

Bryce H. Bennett Jr.
RILEY BENNETT & EGLOFF LLP
bbennett@rbelaw.com

Daniel K. Burke
HOOVER HULL LLP
dburke@hooverhull.com

James M. Carr
BAKER & DANIELS - Indianapolis
jim.carr@bakerd.com

G. John Cento
RILEY BENNETT & EGLOFF LLP
jcento@rbelaw.com

Michael A. Dorelli
HOOVER HULL LLP
mdorelli@hooverhull.com

James R. Fisher
MILLER & FISHER LLC
fisher@millerfisher.com

Brian Christopher Fritts
LAUTH GROUP, INC.
bfritts@lauth.net

Jeffrey John Graham
TAFT STETTINIUS & HOLLISTER LLP
jgraham@taftlaw.com

John David Hoover
HOOVER HULL LLP
jdhoover@hooverhull.com

Ryan Michael Hurley
BAKER & DANIELS - Indianapolis
ryan.hurley@bakerd.com

Debra H. Miller
MILLER & FISHER LLC
miller@millerfisher.com

Matthew Nirider
KIRKLAND & ELLIS LLP - Chicago
mnirider@kirkland.com

Joseph H. Yeager Jr
BAKER & DANIELS - Indianapolis
jhyeager@bakerd.com